Electronically Filed on August 15, 2006

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MADEN TECH CONSULTING, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 06-585C |
| | ) | (Judge Susan G. Braden) |
| Defendant. | ) | |
| | ) | |

## UNOPPOSED MOTION TO INTERVENE

Beta Analytics International, Inc. ("BAI"), by undersigned counsel, hereby moves the Court to intervene in the above-captioned proceeding. Counsel for BAI has conferred with counsel for the Government, who does not object to this motion. Counsel for BAI also consulted with counsel for Plaintiff, who declined to consent to the motion without prior review and approval of drafts hereof, and has since consented to this motion.

On August 11, 2006, Plaintiff filed its Complaint in this proceeding seeking injunctive and declaratory relief regarding the Defense Advanced Research Projects Agency's ("DARPA") decision to override an automatic stay of performance of Contract No. HR0011-06-C-0127 ("Contract"), which DARPA awarded to BAI, pending a bid protest that Plaintiff filed with

the Government Accountability Office ("GAO") Number B-298543.2. (Complaint at ¶¶ 1, 12). Plaintiff filed its Complaint, Motion and Memorandum of Law pursuant to Appendix C of the Rules of the Court of Federal Claims ("RCFC"). (Plaintiff's Motion at 1). DARPA awarded the Contract to BAI on July 19, 2006, and the contract was executed on the same day. (Exhibit A). BAI has been performing the Contract since July 27, 2006.

During the Status Conference that the Court conducted on August 14, 2006, the Court requested that counsel for BAI submit this written motion.

Pursuant to Appendix C, Section V, Paragraph 12 of the RCFC,

> [t]he apparently successful bidder/offeror may enter a notice of appearance at any hearing on the application for a temporary restraining order/preliminary injunction if it advises the court of its intention to move to intervene pursuant to RCFC 24(a)(2) or has moved to intervene before the hearing.

RCFC 24(a)(2) provides that

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As the Contract awardee, BAI has a specific interest in the property or transaction that is the subject matter of the action: the Contract that

DARPA's override seeks to continue performance and the performance of which Plaintiff seeks to enjoin. BAI is the awardee of that Contract, is currently performing the Contract, and has been performing the Contract since July 27, 2006.

Moreover, given the nature of the matter before the Court, by which Plaintiff seeks relief in the form of a temporary restraining order, preliminary or permanent injunction, Plaintiff must prove four elements to obtain injunctive relief, including that any alleged harm to the Plaintiff outweighs harm to the government and third parties such as a contract awardee.[1] *Cubic Defense Sys., Inc. v. United States*, 45 Fed. Cl. 450, 474 (1999); *ATA Defense Indus., Inc. v. United States*, 38 Fed. Cl. 489, 505 (1997). At a minimum, no other party can adequately represent BAI's interests regarding the harm to BAI in the assessment of whether injunctive relief is appropriate. Indeed, only BAI is best equipped to present its own position in defense of all elements that Plaintiff must demonstrate to succeed in its pursuit of injunctive relief.

Furthermore, this Court routinely admits a contract awardee as an Intervenor in CICA override cases. *See e.g., Advanced Sys. Dev., Inc. v.*

---

[1] In Plaintiff's concurrence regarding this motion, Plaintiff requested that counsel for BAI include an "appropriate disclaimer that, although plaintiff does not agree with [the] portion of [the] motion [that identifies what plaintiff must prove to obtain injunctive relief], plaintiff does not oppose the motion to intervene." E-mail from M. Guiffre to P. Pompeo dated August 15, 2006. (Exhibit B)

*United States*, No. 06-484C at 5 (Fed. Cl. July 21, 2006) (admitting awardee as intervenor during Preliminary Status Conference); *Cigna Gov't Serv., LLC v. United States*, 70 Fed. Cl. 100, 109 (2006) (admitting awardees as intervenors during status conference); *Sierra Military Health Serv., Inc. v. United States*, 58 Fed. Cl. 573 (2003) (awardees as intervenors). Accordingly, BAI qualifies as an intervenor pursuant to RCFC 24(a)(2). A proposed Order is attached for the Court's convenience.

WHEREFORE, BAI respectfully requests this Court to grant BAI's Unopposed Motion to Intervene.

Dated: August 15, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

s/ Paul E. Pompeo
Paul E. Pompeo
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 457-7033 – phone
(202) 419-2913 – fax
*Counsel for Beta Analytics International, Inc.*

Of Counsel:

Joseph P. Hornyak
Stuart W. Turner
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006