# EXHIBIT D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MADEN TECH CONSULTING, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant,<br>and<br>BETA ANALYTICS INTERNATIONAL<br>Defendant-Intervenor. | No. 06-585<br>(Judge Braden) |

DECLARATION OF GLENN GEARHARD

I, GLENN GEARHARD, declare under penalty of perjury as follows:

1. I am over the age of 18 and competent to make this Declaration. The Declaration is based on my personal knowledge.

2. This Declaration is provided in support of the Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief filed by Maden Tech Consulting, Inc.

3. I am the Director, Intelligence Sector, of Maden Tech Consulting, Inc. d/b/a Maden Technologies.

4. Since May 2005, I was the Program Director for Maden Technologies on the contract awarded in March 2004 to Maden Technologies ("2004 Contract") by the Defense Advanced Research Projects Agency ("DARPA") issued pursuant to an October 15, 2003 solicitation, No. N00174-03-R-0044 ("2003 Solicitation").

5. In my role as Program Director, I worked closely with the on-site at the DARPA headquarters overseeing the day-to-day operations of the contract with the Security and Intelligence Directorate ("SID").

6. The 2003 Solicitation, and corresponding contract, was for the provision of support services to assist DARPA's Security and Intelligence Directorate in securing DARPA's information, facilities, and programs. The work services procured by DARPA under the 2003 Solicitation and 2004 Contract are similar to the work services sought by DARPA in the current solicitation and contract at issue in this case.

7. Maden Technologies had a history of exceptional performance on the 2004 contract and routinely received the highest markings on our performance reviews on the contract.

8. Maden Technologies was informed of the new contract award to BAI on July 19, 2006 and timely requested a debrief on July 20, 2006. DARPA scheduled our debrief for the afternoon of July 28, 2006, which was after the "start date" for the new contract. Had DARPA promptly provided the debrief, Maden Technologies would have protested the agency's arbitrary and capricious actions before the start date for BAI's performance. DARPA's own actions made it impossible for Maden Technologies to seek an automatic stay before the start of BAI's performance.

9. Within one business day of the debrief, Maden Technologies filed its protest with GAO on July 31, 2006. Separately, STG filed its protest of the award on July 28, 2006.

10. Maden Technologies' contract with DARPA ran through July 31, 2006, and Maden Technologies continued to perform through that date.

11. There was no urgent reason to continue with BAI's performance, as Maden Technologies was absolutely capable of performing the work required under the new solicitation because it was essentially identical to the work Maden Technologies was already performing. DARPA had previously entered into a bridge contract with Maden Technologies pending award of the new contract. The agency would not have suffered any harm in allowing Maden Technologies to continue working under its bridge contract for an additional three months while its and STG's protests were pending at the GAO.

I declare under the penalty of perjury, that the information given above is true and correct to the best of my knowledge.

Glenn Gearhard

Glenn Gearhard

Aug 23, 2006

Date