IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MADEN TECH CONSULTING, INC., Plaintiff, v. THE UNITED STATES, Defendant, and BETA ANALYTICS, INC., Intervenor. | No. 06-585 (Judge Braden) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EAJA APPLICATION**

Defendant, the United States, respectfully opposes the application for fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), filed by plaintiff Maden Tech Consulting, Inc. ("Maden"). Maden is not entitled to any EAJA fees or expenses because the Government's position was substantially justified. Furthermore, the fees sought by Maden are not reasonable because this Court's August 28, 2006 order provided Maden with at best a technical victory. Therefore, even if the Court concludes that the Government's position was not substantially justified, the Court should deny Maden's request for attorney's fees or significantly reduce the award of fees.

**I. Background**

The award in this case was made following a re-procurement ordered by this Court in Beta Analytics Int'l, Inc. v. United States, 69 Fed. Cl. 431 (2005), for a similar contract to provide services for the Security and Intelligence Directorate ("SID") within the Defense Advanced Research Projects Agency ("DARPA"). Def. Opp. to Pl. Mot. for Dec. & Inj. Relief,

Filed Aug. 22, 2006, at 9. SID is responsible for ensuring the security of DARPA information and programs. Id. at 4. Maden was the awardee in that case, and the Court's decision mandated that DARPA had to re-procure the contract upon a time schedule that would allow the new contract to be awarded with a start date of April 10, 2006. Id. at 9. The required date for an award of the new contract was later extended to July 30, 2006. Id. at 10. DARPA made an award of the new solicitation to Beta Analytics, Inc. ("BAI") on July 19, 2006, with a start date of July 27, 2006. Id. at 11.

On July 31, 2006, Maden filed a protest with the Government Accountability Office ("GAO"). Id. The following day, DARPA issued a decision to override the automatic stay pursuant to 31 U.S.C. § 3553(d)(3)(c)(i)(II). App. 1-4. This section provides that "[t]he head of the procuring activity may authorize the performance of the contract (notwithstanding a protest of which the Federal agency has notice under this section) . . . upon a written finding that . . . (II) urgent and compelling circumstances that significantly affect interests of the United States will not permit waiting for the decision of the Comptroller General concerning the protest." 31 U.S.C. § 3553(d)(3)(c)(i)(II).

DARPA's override decision notes that the Government was required by this Court's previous orders to make a new award under full and open competition by July 31, 2006. App. 3. Furthermore, the override decision states, "DARPA cannot have the previous contractor, Maden, to continue performance because the [Court of Federal Claims] determined that the award to Maden was arbitrary and capricious." Id. In addition, DARPA indicated that performance by Maden would not be possible absent permission from this Court. Id. DARPA concluded:

> The award to Beta Analytics International, Inc. requires the contractor to be responsible for supplying critical security services

> to DARPA and in turn to the national security. I determine that urgent and compelling circumstances significantly affecting the interests of the United States will not permit waiting for the decision of the Comptroller General.

App. 4.

Maden filed suit in this Court seeking a temporary restraining order, preliminary injunction, a permanent injunction, and declaratory relief.[1] On Friday, August 25, 2006, this Court held a hearing to consider the parties' contentions. At the end of the hearing, the Court indicated that it would issue an order denying Maden's request for injunctive relief, but granting Maden's request for declaratory relief. The Court also suggested that it would be possible for DARPA to issue a new override decision regarding the award to BAI, and provided advice regarding questions that DARPA should consider if DARPA were to contemplate a new override decision.

On Monday, August 28, 2006, this Court issued an order denying Maden's request for injunctive relief, but granted Maden's request for declaratory relief. App. 17-18. The decision states in pertinent part:

> [T]he court has determined that the Defense Advanced Research Projects Agency ("DARPA")'s August 1, 2006 Determination and Finding, as supplemented on August 4, 2006, to override the automatic stay authorized under the Competition in Contracting Act is contrary to law in that it does not provide the court with a sufficient basis to ascertain whether the agency has complied with 28 U.S.C. § 1491(b)(4).

App. 17. In the decision, the Court explicitly reiterated its suggestion that DARPA could issue a new decision overriding the automatic stay of performance by BAI. App. 18.

---

[1] Although Maden's complaint included a request for a permanent injunction, plaintiff did not include a permanent injunction in the relief requested in its briefs to the Court.

Based upon the Court's statements at the end of the hearing on August 25, 2006, DARPA issued a new override decision on the same day that the Court issued its decision (August 28, 2006). App. 8-16. In this new override decision, as with the original override decision, DARPA determined that an override of the automatic stay was appropriate because urgent and compelling circumstances that significantly affect interests of the United States would not permit waiting for the decision of the Comptroller General concerning the protest. App. 16.

As a result of DARPA's August 28, 2006 override decision, the automatic stay was not reinstated. App. 26. Instead, on August 31, 2006, Maden filed a new suit, No. 06-612, challenging the agency's August 28, 2006 override. App. 1, 26. The Court has not yet ruled on plaintiff's suit in case number 06-612. However, the GAO has already issued a decision denying Maden's protest, App. 31-41, thereby rendering any decision by the Court in case number 06-612 moot. See Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1019, n.3 (Fed. Cir. 2005) ("A case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969))).

## II. The Government's Position Was Substantially Justified

Maden is not entitled to any EAJA fees or expenses because the Government's position was substantially justified. The Government has the burden of proving that its position was substantially justified, which means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "[T]he fact that one court agreed or disagreed with the Government does not establish whether or not its position was substantially justified." Id. at 569. A finding that the agency's decision

was arbitrary and capricious, or unsupported by substantial evidence, is not determinative for EAJA purposes. Essex Electro Engineers, Inc. v. United States, 757 F.2d 247, 253 (Fed. Cir. 1985); PCI/RCI v. United States, 37 Fed. Cl. 785, 789-90 (1997). The substantial justification inquiry encompasses both an agency's pre-litigation conduct and the subsequent litigation by the Department of Justice in this Court. Doty v. United States, 71 F.3d 384, 386 (Fed. Cir. 1995).

The Government's position was substantially justified for several reasons. First, in evaluating the Government's conduct at the agency level, it is important to distinguish between the agency's position and the agency's thoroughness in explaining the reasons for its position. The position taken by DARPA was that an override of the automatic stay was appropriate because urgent and compelling circumstances that significantly affect interests of the United States did not permit waiting for the decision of the Comptroller General concerning the protest. App. 4. The Court in this case has never found that position to be incorrect, let alone unreasonable. Rather, the Court concluded that it was unable to assess whether urgent and compelling circumstances exist based upon the analysis provided by DARPA in its override decision. App. 17. In other words, the Court found fault with the thoroughness of the agency's explanation of its position, but has never invalidated that position. Furthermore, even if DARPA's thoroughness in explaining its position could be described as one component of the agency's position, it cannot be described as the main substance of the position. See Pierce v. Underwood, 487 U.S. at 565 (stating that the agency's position must be "justified in substance or in the main"); 28 U.S.C.A. § 2412(d)(2)(D) (describing the "position of the United States" at the agency level as including the agency's action or failure to act, rather than the thoroughness of explaining the reasons for taking the action).

With respect to the substance of the agency's position, it was reasonable for the agency to conclude that an override was appropriate based upon urgent and compelling circumstances. DARPA's override identified several important facts that supported its position that there were urgent and compelling circumstances warranting an override: (1) the award requires the contractor to provide critical security services necessary for DARPA to fulfill its role in protecting national security; (2) this Court had ordered DARPA to re-procure the contract with a start date of no later than July 30, 2006; and (3) this Court had determined that the earlier award to Maden had been arbitrary and capricious, which called into question the propriety of extending a contract to Maden that was the outgrowth of an award found to be arbitrary and capricious. App. 1-4. Maden was unable to prove that DARPA was incorrect as to any of these facts based upon information in the record or elsewhere, and the Court has never found that any of these facts were incorrect.

Moreover, as to the third point in particular, this Court has recognized that its finding that the award to Maden at issue in Beta Analytics was arbitrary and capricious had potentially significant consequences for any possible stay of a new award to BAI. In an order dated August 8, 2006 in Beta Analytics, issued in response to a motion by Maden, the Court declined to decide whether an override of the stay of award to BAI is appropriate based upon urgent and compelling circumstances. App. 5-7. Nevertheless, the Court's August 8, 2006 order casts strong doubt on whether it would have been appropriate for Maden to continue performance pending the GAO's decision:

> After all, the automatic stay would allow Maden Tech's contract, arbitrarily awarded in the first place, to be extended during the pendency of the GAO proceedings, so that plaintiff may be prevented from performing the new contract. In other words, just

> because the second award *might* have been arbitrary, Maden Tech seeks to benefit further from a previous award that *was* arbitrary. Considering that Beta Analytics was the incumbent under the contract that ended with the arbitrary award to Maden Tech, from [BAI]'s perspective this result would assuredly add insult to injury, if not additional injury. . . . While DARPA may have had no choice but to allow Maden Tech to continue its performance while the re-procurement was proceeding, the completion of the re-procurement has identified another contractor that can displace one whose status was arbitrarily created.

App. 6. Therefore, this Court's August 8, 2006 order in Beta Analytics suggests that the position taken by DARPA at the administrative level was at least reasonable.

The reasonableness of the agency's position is further supported by the second override decision issued by DARPA on August 28, 2006. In that decision, DARPA reiterated its earlier position that urgent and compelling circumstances support an override of the automatic stay. App. 8-16. DARPA also addressed the questions that the Court found were not adequately addressed in the initial override. Id. Although Maden filed suit to challenge the August 28, 2006 override, that override decision has not been invalidated.

Maden contends in its brief supporting its EAJA application that the litigating position adopted by the Government supports a finding that the Government's overall position was not substantially justified because Government counsel "continued to argue that the [override decision was] legally sufficient to support the urgent and compelling basis for overriding the statutory stay of performance." Pl. Br. at 8-9. Maden's contention is misplaced because the thoroughness of the agency's position was neither the substance of the agency's decision nor the most important element of the Government's defense during litigation. The most important element of the Government's position during litigation was that Maden was not entitled to injunctive relief. This was the most important position urged by the Government because only

injunctive relief could have prevented the Government from issuing a new override decision. In the Court's decision in this case, the Court agreed with the Government that injunctive relief was not appropriate, and the Court explicitly indicated in its decision that it was possible for DARPA to issue a new override decision. App. 18.

In addition, the Court implicitly accepted another reasonable element of the Government's position during litigation – that Maden could not show based upon the record that urgent and compelling circumstances were lacking. In Maden's briefs on the merits, Maden contended that the record demonstrated that DARPA lacked urgent and compelling circumstances to support an override because it would have been possible and appropriate for the Government to extend the bridge contract to Maden. Pl. Br. dated August 11, 2006, at 7-8. In other words, Maden contended that DARPA's ultimate conclusion was contrary to the facts. The Government opposed this contention, and the Government's opposition to this contention must have been at least reasonable because the Court's opinion does not identify anything in the record or elsewhere that demonstrates that Maden's contention was correct. Instead, the Court found that it was unable to assess whether there were urgent and compelling circumstances, and the difference between this conclusion and Maden's contention was significant because the Court did not undermine any of the analysis that the agency used in its new override decision issued the same day as the Court's decision. For these reasons, the Government's position was substantially justified and the Court should deny Maden's request for fees and expenses under EAJA.

## III. The Amount Of Fees Sought By Maden Are Unreasonable

Even if the Court determines that the Government's position was not substantially justified, the Court should nevertheless reject or significantly reduce the amount of fees sought by Maden because this Court's August 28, 2006 order provided Maden with at best a technical or pyrrhic victory. In Farrar v. Hobby, 506 U.S. 103 (1992), the Supreme Court held that even the de minimis or technical nature of an award of damages or other judgment does not bear upon whether a party was a prevailing party. Id. at 114. However, the Supreme Court held that the "'most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). The Court further held that when only nominal damages are awarded, "the only reasonable fee is usually no fee at all." Farrar, 506 U.S. at 115. Therefore, the Court affirmed the reversal of the district court's EAJA decision awarding attorney fees without considering "the relationship between the extent of success and the amount of the fee award." Id. at 115-16.

In this case, Maden achieved, at best, a technical victory through the Court's August 28, 2006 decision. The decision was a technical victory because it did not lead to what Maden obviously hoped to achieve through its suit – a stay of the award to BAI, which might in turn lead to Maden being put back into place as the provider of services. Instead, what happened was that the same day that the Court issued its decision, the agency issued a new override decision which permitted work by BAI to go forward. Furthermore, the lack of any meaningful victory for Maden is the direct result of Maden's failure to prevail on its request for injunctive relief. In addition, Maden's inability to convince the Court that it should invalidate DARPA's position as contrary to evidence in the record also contributed to DARPA's ability to go forward with a new

override decision, since DARPA would have been significantly restrained in issuing a new override decision by any finding by the Court that its earlier override decision was contrary to the facts in the administrative record. DARPA was not so restrained based upon the Court's decision.

Lastly, while Maden might have some moral satisfaction due to the Court's conclusion that the agency's override decision insufficiently explained the reasons for its position, such moral satisfaction does not make the award of fees to Maden reasonable. See id. (stating that the litigation had "accomplished little beyond giving petitioners 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way."). Therefore, we respectfully request that the Court award no fees to Maden even if it finds that the Government's position was not substantially justified. In the alternative, we request that the Court significantly reduce the EAJA attorneys fees award from the approximately $ 27,000 sought by Maden to reflect the limited degree of success obtained by Maden.

## CONCLUSION

Maden's request for attorneys fees and costs pursuant to EAJA should be denied because the Government's position was substantially justified. In the alternative, the Court should deny or significantly reduce the attorney's fees requested by Maden because the fees are unreasonable in light of the fact that Maden achieved at best a technical victory.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 305-7643

December 21, 2006

Attorneys for Defendant