IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MADEN TECH CONSULTING, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 06-585** |
| | ) | **(Judge Braden)** |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |

**MADEN TECH CONSULTING, INC.'S MOTION FOR RECONSIDERATION**

Plaintiff, Maden Tech Consulting, Inc. ("Maden Tech"), pursuant to Rule 59 of the Rules of the Court of Federal Claims, hereby moves this Court for reconsideration of its Memorandum Opinion and Final Judgment filed December 29, 2006. Maden Tech's limited motion requests reconsideration of the Court's denial of Maden Tech's Motion for Attorney's Fees filed November 20, 2006.

By written Order dated August 28, 2006, this Court granted Plaintiff's August 11, 2006 Motion for Declaratory Judgment. Maden Tech filed its Motion for Attorney's Fees on November 20, 2006. The Government filed its Opposition on December 21, 2006. The Court issued its Order of December 29, 2006, *inter alia,* denying Plaintiff's November 20, 2006 Motion for Attorney's Fees before Maden Tech's reply to the Government's opposition was due. Because Maden Tech had not yet had an opportunity to respond to the Government's opposition, Maden Tech respectfully requests reconsideration of the Court's denial of its November 20, 2006 Motion for Attorney's Fees.

Maden Tech seeks attorney's fees pursuant to provisions of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which requires the Government to pay attorney's fees to prevailing parties. A party is deemed a prevailing party where it has obtained an enforceable judgment on the merits or a court ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those. Rice Servs., Ltd. V. United States, 405 F.3d 1017, 1025

(Fed. Cir. 2005); Universal Fidelity, LP v. United States, 70 Fed. Cl. 310, 314 (2006). A party is not required to prevail on every issue to be deemed a prevailing party. Filtration Dev. Co., LLC v. United States, 63 Fed. Cl. 612, 618 (2005) (emphasis added); citing Austin v. Dep't of Commerce, 742 F.2d 1417, 1420 (Fed. Cir. 1984).

The Declaratory Judgment Order issued by the Court on August 28, 2006 found the Determination and Findings issued by the Agency instituting an override of the automatic stay of contract performance required by the Competition in Contracting Act to be unlawful, thereby altering the legal relationship between the parties. By operation of law, the Declaratory Judgment Order issued by the Court reinstated the automatic stay improperly overridden by DARPA. At the time the Court issued its order granting declaratory relief, Maden Tech's bid protest before the Government Accountability Office was still pending. Therefore, this Court's Order carried "sufficient judicial imprimatur" to materially change the legal relationships of the parties. Rice Servs., Ltd. V. United States, 405 F.3d at 1026.

After the Court granted declaratory judgment, the Agency issued a second, independent override decision, and Maden Tech initiated a second lawsuit contesting that override. Although Maden Tech was not successful in the second suit, it still prevailed in the first one. The Government never appealed the declaratory judgment ordered by the Court.

Maden Tech's Motion for Attorney's Fees only seeks those fees incurred in the first suit in which it prevailed by obtaining a declaratory judgment that the Agency's actions were unlawful. Maden Tech respectfully requests that the Court reconsider its denial of its Motion and award Maden Tech fees as a prevailing party pursuant to 28 U.S.C. § 2412.

Dated this 16th day of January, 2007.

Respectfully submitted,

T. Michael Guiffré
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6441
(202) 457-6315 (Fax)

Attorney of Record for
Maden Tech Consulting, Inc.

Of Counsel:
James M. Schwarz
PATTON BOGGS LLP
8484 Westpark Drive
McLean, VA 22102
(703) 744-8090
(703) 744-8001 (Fax)

Elizabeth M. Gill
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-5166
(202) 457-6315 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2007, I served via electronic mail this Motion for Reconsideration to:

Michael Dierberg, Esq.
U.S. Department of Justice
Civil Litigation Branch
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington D.C. 20530
Ph – 202-353-0536
Fax – 202-305-7644

Paul Pompeo, Esq.
Holland & Knight
2099 Pennsylvania Avenue, NW
Suite 100
Washington, D.C. 20006
Ph – 202-828-1881
Fax – 202-419-2913

T. Michael Guiffré